UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**PLYMOUTH RESOURCES, LLC,**

         **Plaintiff,**

    **-v-**              **3:10-CV-909 (NAM/DEP)**

**NORSE ENERGY CORP. USA., formerly
known as Nornew, Inc.,**

         **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Strick Law Firm
Julia G. Young, Esq., of counsel
Robert E. Strick, Esq., of counsel
1025 West Colonial Drive
Orlando, Florida 32802
and
Drazen Law Firm
Douglas W. Drazen, Esq., of Counsel
2-8 Hawley Street, Suite 111
Binghamton, New York 13901
Attorneys for Plaintiff

Amigone, Sanchez Law Firm
B.P. Oliverio, Esq., of counsel
Arthur Baumeister, Esq., of counsel
1300 Main Place Tower
350 Main Street
Buffalo, New York 14202
Attorneys for Defendant

Hon. Eric T. Schneiderman, Attorney General for the State of New York
Steve M. Nagle, Esq., Assistant Attorney General
The State of New York Environmental Protection Bureau
The Capitol
Albany, New York 12224-0341
Attorney for Non-party New York State

**Hon. Norman A. Mordue, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**INTRODUCTION**

On September 24, 2012, this Court issued a Memorandum-Decision and Order (Dkt. No. 61) denying defendant's motion (Dkt. No. 44) for summary judgment, and denying plaintiff's appeal (Dkt. No. 58) from an order of United States Magistrate Judge David E. Peebles. Presently before the Court are the following motions: (1) motion by defendant (Dkt. No. 63) for reconsideration of the Court's denial of defendant's summary judgment motion, or, in the alternative, certification of an interlocutory appeal; (2) motion by plaintiff (Dkt. No. 64) for reconsideration of the Court's denial of plaintiff's appeal from Magistrate Judge Peebles's order, or, in the alternative, certification of an interlocutory appeal; and (3) plaintiff's motion (Dkt. No. 65) for partial summary judgment. As set forth below, the Court denies the motions.

**DEFENDANT'S RECONSIDERATION MOTION**

Defendant moves (Dkt. No. 63) for reconsideration and vacatur of the Court's Memorandum-Decision and Order (Dkt. No. 61) denying defendant's summary judgment motion, and for an order granting defendant's summary judgment motion. In the alternative, defendant seeks certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) on the ground that the Memorandum-Decision and Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

In support of its motion for reconsideration, defendant argues that the Court erred in its determination to deny collateral estoppel effect to the decision of the New York State Department of Environmental Conservation ("DEC"). There is no merit to defendant's contention that the Court overlooked or misapprehended relevant material facts. The Court reviewed the facts in

detail and (with one exception discussed below) considered every issue now raised by defendant. Defendant simply disagrees with the Court's conclusions. The Court perceives no clear error or manifest injustice.

One issue raised by defendant on reconsideration deserves mention. In support of the instant motion, defendant states: "Plaintiff elected not to appeal the [DEC] Ruling. This election constitutes failure to exhaust administrative remedies." Defendant did not raise this argument in its memorandum of law in support of its summary judgment motion (Dkt. No. 44) or in its reply (Dkt. No. 48). Reconsideration is not a vehicle for raising arguments that could have been raised on the initial motion. Thus, the Court does not address the issue.

As for defendant's request for certification of an interlocutory appeal to the Second Circuit under 28 U.S.C. § 1292(b), the Court does not perceive a substantial ground for difference of opinion regarding the applicability of collateral estoppel in this case. Moreover, the case is trial-ready, and there is no reason to believe the trial will be exceptionally lengthy; thus, interlocutory appeal would not materially advance the ultimate termination of the litigation or "avoid protracted litigation." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 866 (2d Cir. 1996). In its discretion, the Court finds that this matter does not warrant a "rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Id.* at 865. Defendant's motion is denied.

### PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff moves (Dkt. No. 64) for reconsideration of so much of the Memorandum-Decision and Order (Dkt. No. 61) as denies plaintiff's appeal (Dkt. No. 58) from Magistrate Judge Peebles' order (Dkt. No. 55) and affirms that order. In the alternative, plaintiff seeks

certification of the issue to the Second Circuit under 28 U.S.C. § 1292(b).

Plaintiff raises no issue that was not previously considered by this Court. Upon review of the record, the Court stated:

> It is manifest from the record that Magistrate Judge Peebles was heavily involved in managing discovery in this action, and in particular in dealing with the question of plaintiff's inspection of the Wickham well. Based on the record, Magistrate Judge Peebles' order is not clearly erroneous or contrary to law. Even applying the more stringent *de novo* standard of review, the Court adopts Magistrate Judge Peebles' reasoning and conclusion regarding plaintiff's court-ordered inspection of the Wickham well.

The Court finds no error in its ruling, nor is there manifest injustice. Reconsideration is denied.

Certification of an interlocutory appeal is denied. The Court finds no substantial ground for difference of opinion regarding Magistrate Judge Peebles' ruling. And, as stated above, interlocutory appeal would not materially advance the ultimate termination of the litigation.

### **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff moves (Dkt. No. 65) for partial summary judgment on the first and tenth causes of action. On the first cause of action for declaratory judgment, plaintiff seeks a declaration that it is entitled, upon reasonable notice, to an inspection of defendant's Wickham #1-380 well. In its September 24, 2012 Memorandum-Decision and Order (Dkt. No. 61), this Court has affirmed Magistrate Judge Peebles's order (Dkt. No. 55) denying plaintiff's request for a second inspection of the well. Plaintiff's present motion appears to be an attempt to circumvent that holding. There is no basis for this relief.

Plaintiff's request for an accounting (tenth cause of action) appears to rely on the DMN 07-14 integration order. Defendant contends, with some support in the record, that the DMN 07-14 spacing unit was extinguished as a matter of law. *See* N.Y.E.C.L. 23-0503(7). On this issue,

plaintiff has failed to meet his burden to show that he "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, plaintiff is not entitled to an accounting at this point. Accordingly, plaintiff's motion for partial summary judgment is denied in its entirety.[1]

## CONCLUSION

The case is trial ready. The Court will notify the parties of the trial date and issue a pretrial scheduling order.

It is therefore

ORDERED that the motion by defendant (Dkt. No. 63) for reconsideration of the Court's denial of defendant's summary judgment motion is denied; and it is further

ORDERED that the motion by plaintiff (Dkt. No. 64) for reconsideration of the Court's denial of plaintiff's appeal from Magistrate Judge Peebles's order is denied; and it is further

ORDERED that the motion by plaintiff (Dkt. No. 65) for partial summary judgment is denied.

IT IS SO ORDERED.
Date:   January 17, 2013
        Syracuse, New York

Honorable Norman A. Mordue
U.S. District Judge

---

[1] In its opposition (Dkt. No. 69) to plaintiff's summary judgment motion, defendant argues that DEC should be joined as a party. Defendant has not demonstrated that joinder of DEC is required under Fed.R.Civ.P. 19(a). Further, the request is untimely; the Case Management Plan (Dkt. No. 18) submitted by the parties provided that any application to join a party "shall be made on or before the 28th day of October 2011," and the case, which was commenced on July 22, 2010, is trial-ready. The Court notes that DEC has not moved to intervene, despite the fact that it became aware of this action no later than July 27, 2011 when it filed a notice of appearance (Dkt. No. 23) for the limited purpose of quashing a subpoena issued by plaintiff.